IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 11-cv-03025-CMA-CBS

DON ANGELL,

    Plaintiff,

v.

FAIRMOUNT FIRE PROTECTION DISTRICT,

    Defendant.

---

**ORDER DENYING DEFENDANT'S MOTION FOR ENTRY OF
RULE 68 COSTS IN DEFENSE OF SECTION 1983 CLAIM**

---

    This matter is before the Court on Defendant's Motion for Entry of Rule 68 Costs in Defense of Section 1983 Claim, filed on December 3, 2012, (Doc. # 44), and on Plaintiff's Motion for Award of Attorney's Fees for Having to Oppose Defendant's Frivolous Motion for Entry of Rule 68 Attorney's Fees, filed on December 24, 2012. (Doc. # 48.)  For the following reasons, both motions are denied.[1]

    On February 23, 2012, Defendant served Plaintiff with a Rule 68 Offer of Judgment,[2] offering $25,000 "in exchange for settlement of all claims against Defendant, and dismissal, with prejudice, of the captioned lawsuit."  (Doc. # 44-1 at 2.)

---

[1]  Plaintiff responded to Defendant's Motion on December 19, 2012, and Defendant replied on January 4, 2013.  (Doc. ## 47, 49.)  Defendant also responded to Plaintiff's Motion on January 4, 2013 (Doc. # 50), and Plaintiff did not reply.

[2]  Plaintiff contends that Defendant's offer was not a valid Rule 68 Offer of Judgment.  (Doc. # 48 at 4.)  Because resolution of this issue is unnecessary for purposes of the instant motions, the Court will assume that Defendant's February 23, 2012 offer was a valid Rule 68 Offer of Judgment.

This Offer was not accepted by Plaintiff. On November 5, 2012, the Court granted Defendant's Motion for Summary Judgment (Doc. ## 15, 35), and Final Judgment was entered in favor of Defendant the next day. (Doc. # 36.) In the Final Judgment, the Court ordered "that the defendant shall have its costs by the filing of a Bill of Costs with the Clerk of the Court within 14 days of the entry of judgment. Each party shall bear its own attorney's fees." (*Id.*)

Despite the Court's explicit order that "[e]ach party shall bear its own attorney's fees," Defendant requests that its cost award include the attorneys' fees that it incurred in defending against Plaintiff's § 1983 claim. (Doc. # 44 at 3.) In *Marek v. Chesny*, the United States Supreme Court held that because a prevailing party in a § 1983 case may be awarded attorneys' fees as part of the costs, "such [attorneys'] fees are subject to the cost-shifting-provision of Rule 68." 473 U.S. 1, 9 (1985).

Rule 68(d) provides, in relevant part, that "[i]f the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." In the instant case, there was no judgment that the offeree, *i.e.*, Plaintiff, "finally obtain[ed]" because judgment was instead obtained by Defendant. Thus, Rule 68 is "simply inapplicable to this case because it was the defendant that obtained the judgment." *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 352 (1981); *see also Fry v. Bd. of Cnty. Comm'rs of Cnty. of Baca, State of Colo.*, 7 F.3d 936, 943-44 (10th Cir. 1993) ("Rule 68 is limited to cases in which the offeree . . .

prevails, but the amount recovered is less than the offer."). Because Rule 68 does not apply, Defendant's reliance on *Marek* completely misses the mark.[3]

In its motion, Plaintiff moves for an award of attorneys' fees "for having to oppose Defendant's frivolous motion for entry of Rule 68 attorney's fees." (Doc. # 48 at 1.) Although the Court agrees with Plaintiff that Defendant is not entitled to attorneys' fees under Rule 68, the Court does not find Defendant's request to be so frivolous and unreasonable as to merit sanctions.

Accordingly, it is ORDERED that Defendant's Motion for Entry of Rule 68 Costs in Defense of Section 1983 Claim (Doc. # 44) is DENIED.

FURTHER ORDERED that Plaintiff's Motion for Award of Attorney's Fees for Having to Oppose Defendant's Frivolous Motion for Entry of Rule 68 Attorney's Fees (Doc. # 48) is DENIED.

Dated: March __08__, 2013

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge

---

[3] Furthermore, even if the Court found Rule 68 applicable, a prevailing defendant in a civil rights suit may recover reasonable attorneys' fees under 42 U.S.C. § 1988(b) only where the lawsuit was "vexatious, frivolous, or brought to harass or embarrass the defendant." *Hensley v. Eckerhart*, 461 U.S. 424, 429 n.2 (1983). Such was not the case here.